NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANDEX INDUSTRIAL, INC., : | |
| : | |
| Plaintiff, : | **OPINION** |
| : | |
| v. : | Civ. No. 09-4148 (WHW) |
| : | |
| VENT RIGHT CORP., MARIO KASEDA, : | |
| and XYZ CORP., : | |
| : | |
| Defendant, : | |

**Walls, Senior District Judge**

Vent Right, Corp. and Mario Kaseda ("Defendants") move to dismiss the Complaint filed by Shandex Industrial, Inc. ("Shandex"), or, in the alternative, to transfer venue. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court decides Defendants' motions without oral argument. Defendants' motions are denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Shandex is a New Jersey corporation headquartered in Fort Lee, New Jersey. (Compl. ¶ 4.)[1] Defendant Vent Right, Corp. ("Vent Right") is an Ohio corporation headquartered in Ohio.

---

[1] Following a series of improper filings, Plaintiff properly filed its Amended Complaint on December 16, 2009. Because Plaintiff originally attempted to file its Amended Complaint on October 12, 2009, Defendants had notice of the contents of the Amended Complaint and addressed it in their Reply Brief in support of their motion to dismiss or transfer venue. The Court therefore relies on Plaintiff's Amended Complaint in deciding this motion.

NOT FOR PUBLICATION

(Compl. ¶ 5, Kaseda Aff. ¶ 6.)  Defendant Mario Kaseda ("Kaseda") is the owner and president of Vent Right and is a resident of Ohio.  (Compl. ¶ 6; Kaseda Aff. ¶¶ 1-2.)

On July 17, 2009 Shandex filed suit against Defendants in New Jersey Superior Court alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.  Shandex alleges that, on or about November 2007, Vent Right, through Kaseda, entered into an agreement with Shandex whereby Shandex was to manufacture an industrial building product known as "breasevent," and Vent Right was to purchase the breasevent from Shandex.  (Compl. ¶¶ 7-10.)   Shandex alleges that, on or about January 2008, Vent Right breached the agreement by failing to pay for six shipments of breasevent.  (Compl. ¶¶ 11-13.)  Shandex also alleges that Kaseda breached the agreement by failing to pay for the shipments, despite his personal guaranty that he would compensate Shandex for the breasevent in the event of Vent Right's insolvency.  (Compl. ¶¶ 8, 14, 20.)

On August 13, 2009, Defendants removed the case to this Court based on the diversity of the parties and the amount in controversy.  28 U.S.C. §§ 1332, 1443.  On September 11, 2009, Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1406.  Defendants argue that this Court lacks personal jurisdiction over them, and that Plaintiff's Complaint should either be dismissed or transferred to the Northern District of Ohio.  Defendants' motion is now before the Court.

NOT FOR PUBLICATION

STANDARD OF REVIEW

A federal district court sitting in diversity "may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009) (internal quotation marks and citations omitted). New Jersey's long arm statute provides for personal jurisdiction as far as is permitted by the Fourteenth Amendment to the United States Constitution. Carteret Savings Bank, FA v. Shushan, 954 F.2d 141, 145 (3d Cir. 1992).

The due process clause of the Fourteenth Amendment permits a forum state to exercise general personal jurisdiction over a non-resident defendant when that defendant has "continuous and systematic" contacts with the state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984). The due process clause also allows a forum state to exercise specific personal jurisdiction over a non-resident defendant if that defendant has the "minimum contacts" with the state necessary for the defendant to have "reasonably anticipate[d] being haled into court there," as long as the plaintiff's claim is related to or arises of out the defendant's contacts with the state. Id. at 414. What qualifies as sufficient contacts in any given case "will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State," and the "unilateral activity" of the plaintiff "cannot satisfy the requirement of contact with the forum State." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

When a defendant moves to dismiss for lack of personal jurisdiction, "the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper.

**NOT FOR PUBLICATION**

The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (internal quotation marks and citations omitted). The plaintiff may establish "jurisdictional facts through sworn affidavits or other competent evidence," but may not rely on "the bare pleadings alone in order to withstand a defendant's" motion. Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984). See also Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 101 n.6 (3d Cr. 2004). In deciding a motion to dismiss for lack of personal jurisdiction, a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002) (internal quotation marks and citations omitted). See also D'Jamoos at 102.

**DISCUSSION**

Defendants assert that Vent Right and Kaseda are based in Ohio and have no geographical or business ties to New Jersey that would give New Jersey courts personal jurisdiction over them (Def. Br. 2-3). Shandex, in turn, disputes Defendants' characterization of the facts, and asserts that Vent Right and Kaseda have established sufficient minimum contacts with New Jersey to give this Court personal jurisdiction over Defendants with respect to Shandex's claims, which arise out of Defendants' minimum contacts. (Pl. Opp. 2-4.)

As an initial matter, the Court does not look to the facts contained in the "Statements of Facts" filed by Defendants and Shandex. A Statement of Material Facts Not in Dispute is appropriate on a Motion for Summary Judgment, L. Civ. R. 56.1, and no such motion is before

**NOT FOR PUBLICATION**

the Court.  Moreover, because the facts contained in each party's "Statements of Facts" are disputed by the opposing party, these "statements" do not serve to clarify issues for the Court.  Accordingly, the Court does not consider these "Statements of Facts" in deciding this motion.  The Court does consider the allegations in the Complaint, as well as allegations in sworn affidavits submitted by Shandex in response to Defendants' motion to dismiss.  Such affidavits are competent evidence that may be used to establish facts supporting a finding of personal jurisdiction.  Time Share Vacation Club at 66 n.9.

      Nothing in the Complaint suggests that Defendants possess "continuous and systematic" contacts with New Jersey such that this Court may exercise general jurisdiction over Defendants.  Nor do the allegations in the Complaint suggest that Defendants may have sufficient minimum contacts with New Jersey to allow this Court to exercise specific jurisdiction over them in connection with Shandex's claims.  (Compl. ¶¶ 7-10.)  The Complaint does allege that Defendant Kaseda "approached" Shandex "to solicit business" on behalf of Vent Right (Compl. ¶ 7), but does not allege that Kaseda approached Shandex in New Jersey.

      By contrast, Shandex's reply papers allege sufficient minimum contacts to allow this Court to exercise jurisdiction over Defendants.  An affidavit signed by Weixi "Stewart" Yao, the Operations Manager of Shandex, alleges the following: (1) Kaseda personally traveled to Shandex's office in New Jersey to negotiate contract terms between Shandex and Vent Right (Yao Aff. ¶ 5); (2) Kaseda personally guaranteed payment to Shandex during the course of the negotiations (Yao Aff. ¶ 7); (3) Vent Right and Shandex reached a verbal agreement for the production and sale of breasevent in Shandex's New Jersey office (Yao Aff. ¶ 10); (4) phone

**NOT FOR PUBLICATION**

calls and emails were exchanged between Vent Right and Shandex (Yao Aff. ¶ 14); (5) Vent Right sent payments to Shandex's New Jersey office (Yao Aff. ¶ 14); and (6) Kaseda personally delivered a payment for breasevent to Shandex's New Jersey office (Yao Aff. ¶ 14).

Defendants dispute the significance of these allegations and make their own allegations regarding Shandex's contacts with Ohio. (Def. Reply 4-6.) However, this Court must accept all of Shandex's allegations as true and construe disputed facts in favor of Shandex. In doing so, the Court finds that Shandex has alleged with reasonable particularity facts that show sufficient contacts between Defendants and New Jersey to sustain a finding that Defendants have purposefully availed themselves of the privilege of conducting activities within New Jersey. Because Shandex has made a *prima facie* showing for the exercise of specific jurisdiction, Defendants' motion to dismiss for lack of personal jurisdiction must be denied.

Defendants' motion to transfer venue must also be denied. Defendants move to transfer venue under 28 U.S.C. § 1406(a), which allows a district court to transfer venue when venue has been laid in the "wrong division or district." However, venue is proper in this district. Venue is proper in "a judicial district in which a substantial part of the events [] giving rise to the claim occurred." 28 U.S.C. § 1391(a). Because the allegations in the Yao Affidavit, which establish that Defendants have sufficient minimum contacts with New Jersey to create personal jurisdiction, also establish that "a substantial part of the events [] giving rise to [Shandex's] claim occurred" in New Jersey, venue is proper in this district. As venue is proper and has not been laid in the "wrong division or district," Defendants' motion to transfer venue under § 1406(a) must be denied.

NOT FOR PUBLICATION

**CONCLUSION**

The Court denies Defendants' Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) and denies Defendants' alternate Motion to Transfer Venue to the Northern District of Ohio under 28 U.S.C. § 1406(a).

It is on this 23rd day of December, 2009:

ORDERED that the Defendants' Motions are DENIED.

<u>s/ William H. Walls</u>
United States Senior District Judge