## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| _____ | : | |
| SHANDEX INDUSTRIAL INC., | : | |
| | : | Honorable Madeline Cox Arleo |
| Plaintiff, | : | Civil Action No. 09-4148 (WHW) |
| | : | |
| v. | : | **REPORT AND RECOMMENDATION** |
| | : | |
| VENT RIGHT CORPORATION | : | |
| and MARIO J. KASEDA, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## BACKGROUND

On July 17, 2009, plaintiff, Shandex Industrial Inc. ("plaintiff"), filed the Complaint in Superior Court of New Jersey, Bergen County.  On August 13, 2009, defendants, Vent Right Corporation ("Vent Right") and Mario J. Kaseda ("Kaseda"), (sometimes collectively "defendants") removed the action to this district court.

On August 18, 2009, the Court entered an Order, scheduling an initial conference for November 23, 2009.  The August 18th Order directed, inter alia, the parties to exchange Fed. R. Civ. P. 26 disclosures and to serve written discovery.  The August 18th Order further directed that all parties who were not appearing pro se must be represented by counsel. The August 18th Order emphasized that failure to comply with the terms therein may result in the imposition of sanctions.

On September 11, 2009, in lieu of filing an Answer, defendants filed a motion to dismiss or alternatively, to transfer venue.  In light of the pending motion, the Court entered an Order on October 7, 2009, adjourning the November 23rd initial scheduling conference without date.  By

Order dated January 4, 2010, District Judge Walls denied defendants' motion.

On January 11, 2010, the Court entered an Order, rescheduling the initial conference for March 1, 2010. The January 11th Order highlighted that failure to comply with the terms therein may result in sanctions.

On January 22, 2010, defendants jointly filed an answer, asserted counterclaims, and filed a third-party complaint. On February 16, 2010, plaintiff filed an answer to the counterclaims.

On March 1, 2010, counsel for both plaintiff and defendants appeared at the conference. On March 4, 2010, the Court issued a Pretrial Scheduling Order, which set forth, among other things, deadlines for discovery. The Order also scheduled a telephone status/settlement conference for June 30, 2010. The Order further admonished that failure to comply with the Order would result in sanctions pursuant to Fed. R. Civ. P. 16(f) and 37.

On June 30, 2010, counsel for all parties participated in the telephone status/settlement conference. The Court scheduled a second telephone status/settlement conference for October 5, 2010, which was attended by counsel for all parties.

Thereafter, the parties attempted unsuccessfully to settle the case. On April 14, 2011, defense counsel, William Connell, Esq. ("Mr. Connell"), advised the Court of defendants' failure to respond to his letters, emails and phone calls, and their failure to pay his outstanding legal fees. On April 20, 2011, the Court issued an Order directing defense counsel to file a motion to withdraw as counsel. As such, on May 5, 2011, Mr. Connell, filed a motion to withdraw as counsel for defendants Vent Right and Kaseda, the basis of which was defendants' failure to respond or otherwise cooperate with preparing a defense, and failure to pay Mr. Connell's outstanding legal fees. On May 9, 2011, the Court granted Mr. Connell's motion and directed

2

him to provide defendants with copies of the Order.

On July 5, 2011, this Court issued an Order directing parties to submit written case status letters on or before July 15, 2011.[1]  On July 12, 2011, plaintiff's counsel submitted its status letter, noting defendants' failure to respond to outstanding discovery requests since Mr. Connell's withdrawal from the case.  Neither defendant nor any counsel on their behalf submitted a status letter as directed.

On August 3, 2011, this Court entered an Order scheduling an in person status/settlement conference for September 19, 2011.  All parties with settlement authority were required to attend. On September 19, 2011, only plaintiff's counsel appeared at the conference.  No counsel or party appeared on behalf of either defendant.

On September 21, 2011, this Court entered an Order scheduling another in person status conference for October 4, 2011.  The Order directed Kaseda to appear.  As to corporate defendant Vent Right, the Court directed the company to have new counsel enter an appearance on its behalf by October 4, 2011, as a corporate entity cannot represent itself under applicable law.  The Order also provided that if new counsel failed to enter an appearance on behalf of Vent Right by October 4, 2011, the Court would ask the District Judge to strike its Answer.  This Court provided copies of the Order to Kaseda and to Vent Right's legal counsel by regular and certified mail.[2]

---

[1]On June 24, 2011, this case was reassigned to the undersigned.

[2]Consistent with the addresses for the individual defendant Kaseda and the corporate defendant Vent Right as set forth on the official docket, the Court mailed copies of the September 21st Order to Mario J. Kaseda, c/o Vent Right Corporation at "1338 East 289th Street, Wickliffe, Ohio 44092;" and Legal Counsel, Vent Right Corporation at "1338 East 289th Street, Wickliffe, Ohio 44092."

On or about September 27, 2011, the mailed copies of the Order were returned as undeliverable to both Kaseda and Vent Right's legal counsel. On September 28, 2011, the Court received an unexecuted receipt card for Kaseda.

On October 4, 2011, no party or counsel appeared on behalf of either defendant. On October 7, 2011, this Court issued an Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f), arising out of pro se individual defendant Kaseda's failure to attend the Court ordered status conference on October 4, 2011, and the failure of corporate defendant Vent Right to retain counsel to enter an appearance on its behalf at the October 4th conference. The Order to Show Cause was returnable on October 26, 2011. Defendants were directed to file any written submissions with the Court by October 19, 2011. Out of an abundance of caution, this Court mailed copies of the October 7th Order to Kaseda at an alternative address, "3067 Lakeside Avenue E, Cleveland, Ohio 44114-3043." On or about October 12, 2011, the copies of the Order were returned as undeliverable to both Kaseda and legal counsel, and the certified mail was returned unexecuted.

Yet, the Court received a letter from Kaseda of October 19, 2011, wherein he acknowledged having missed the mandatory court appearance on October 4, 2011. Kaseda offered no explanation for his failure to appear. Instead, he merely noted that Vent Right had been dissolved on December 31, 2010. No party or counsel appeared on behalf of either defendant at the October 26, 2011 Order to Show Cause hearing.

## DISCUSSION

### A.    *Imposition of Sanctions Against Corporate Defendant Vent Right*

The failure of corporate defendant Vent Right to retain counsel requires this Court to

4

recommend that the District Court strike the Answer with affirmative defenses, Counterclaims, and Third-Party Complaint as to this corporate defendant (Docket Entry No. 29), order that default be entered against it, and permit plaintiff to proceed to judgment by default as to Vent Right.  It is well-settled in the Third Circuit that corporations cannot represent themselves pro se. See Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1996).

Following the Court's Order on May 9, 2011 relieving Mr. Connell as counsel for Vent Right and Kaseda, the Court essentially afforded defendant Vent Right nearly five months to retain new counsel.  This Court's September 21, 2011 Order explained that a corporate entity cannot represent itself under applicable law and directed Vent Right to retain counsel by October 4, 2011.  Additionally, the Order warned Vent Right that, if counsel failed to enter an appearance on its behalf by October 4, 2011, this Court would ask the District Court to strike its Answer.

Despite the September 21, 2011 Order from this Court, Vent Right has not retained counsel.  Further, counsel failed to appear on its behalf at both the October 4, 2011 conference and the October 26, 2011 Order to Show Cause hearing.  Therefore, I recommend that the District Court strike the Answer and Counterclaims of corporate defendant Vent Right (Docket Entry No. 29), enter default judgment against it, and allow plaintiff to proceed to judgment by default as to Vent Right.

**B.**    ***Imposition of Sanctions Against Individual Defendant Kaseda***

The failure of individual defendant Kaseda to comply with the Orders of this Court requires this Court to determine the appropriate sanctions to impose.  In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action.  Poulis,

747 F.2d at 868.  The <u>Poulis</u> factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." <u>Id.</u> at 868. The Court is required to balance each factor in its analysis.  <u>Id.</u>

1.      <u>The Extent of Kaseda's Personal Responsibility</u>

Following the Court's May 9, 2011 Order relieving Mr. Connell as counsel for both defendants, the Court essentially afforded Kaseda nearly five months to retain new counsel or appear before the Court on a <u>pro se</u> basis.  Instead, Kaseda chose not to appear before the Court on October 4, 2011 or October 26, 2011 as directed.  This Court finds that Kaseda is personally responsible for his failure to comply with the Orders of this Court.  His failure to appear and defend against this action demonstrates a willful decision to disregard the orders of the Court. Despite the Court's warnings that continued failure to comply would result in sanctions, Kaseda ignored the Court's Orders of August 3, 2011,  September 21, 2011, and October 7, 2011.

Kaseda is not exempt from responsibility for failure to abide by Court orders simply because he is treated as a <u>pro se</u> litigant.  "[A]ll litigants, including pro ses, have an obligation to comply with Court orders.  When they flout that obligation, they, like all litigants, must suffer the consequences of their actions."  <u>Burns v. Glick</u>, 158 F.R.D. 354, 356 (E.D. Pa. 1994).  Kaseda continuously failed to comply with court ordered appearances for conferences.  Indeed, in his letter of October 9, 2011, he acknowledged his failure to so appear but offered no explanation.

Kaseda made a purposeful decision to refuse to appear for court ordered conferences.

Accordingly, this factor favors striking defendant Kaseda's Answer with affirmative defenses and Counterclaims, entering default judgment against him, and allowing plaintiff to proceed to judgment by default as to Kaseda.

      2.    <u>Prejudice to Plaintiff</u>

Based on Kaseda's decision to disregard court orders, plaintiff is incapable of prosecuting its claims against him.  Despite multiple Orders from this Court, Kaseda has not attended in person conferences or otherwise defended against this case.  The inaction by Kaseda has prejudiced plaintiff in its ability to proceed with discovery.  Indeed, based on the Kaseda's inaction, it is impossible for plaintiff to understand his defenses and Counterclaims and adequately respond to same.

The Third Circuit addressed <u>Poulis</u>' "prejudicial harm" standard in <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 222 (3d Cir. 2003).  There, plaintiff failed to provide defendant with specific information and documentation concerning the damages calculation in a timely fashion. The court explained that "while prejudice for the purpose of <u>Poulis</u> analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."  <u>Id.</u>  Prejudice also includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." <u>Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund</u>, 29 F.3d 863, 874 (3d Cir. 1994)(citations omitted).

Here, the prejudice is palpable.  Plaintiff is unable to ascertain the defenses of Kaseda in this suit or prosecute its claims against him.  The decision not to appear at court ordered

conferences or otherwise defend against plaintiff's claims weighs in favor of striking defendant Kaseda's Answer, Counterclaims, and Third-Party Complaint entering default against him, and allowing plaintiff to proceed to judgment by default as to Kaseda.

     3.     <u>History of Dilatoriness</u>

Again, Kaseda has made no attempt to explain his failure to personally defend against this suit, appear for court appearances, or to comply with discovery obligations.  As set forth above, this Court made several efforts to permit Kaseda to defend against this suit by adjourning the court ordered conferences, requesting status letters, allowing time to secure new counsel after Mr. Connell withdrew from the case, and issuing an Order to Show Cause wherein he was directed to appear for the previously missed October 4, 2011 Scheduling Conference.

<u>Poulis</u> makes clear that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation.  If compliance is not feasible, a timely request for an extension should be made to the court.  A history...of ignoring these time limits is intolerable."  747 F.2d at 868.  Kaseda has failed to either retain counsel or appear at multiple court hearings on September 19, 2011, October 4, 2011 (resulting in an Order To Show Cause) and October 26, 2011.  Despite court orders and deadlines, discovery remains outstanding and Kaseda has refused to otherwise participate in his own defense.  Therefore, this factor weighs in favor of striking defendant Kaseda's Answer, Counterclaims, and Third-Party Complaint ordering that default be entered against him, and allowing plaintiff to proceed to judgment by default as to Kaseda.

     4.     <u>Kaseda's Conduct Has Been Willful</u>

Following his attorney's withdrawal from the case, at no time did Kaseda ever attempt to

contact the Court or otherwise present a defense in this action before the Court issued an Order to Show Cause.  Rather, on October 19, 2011, one week before the Order to Show Cause hearing, Kaseda wrote to this Court, acknowledging his failure to appear at the mandatory conference on October 4, 2011.  Kaseda offered no explanation for his non-compliance beyond stating that defendant Vent Right has been dissolved since December 31, 2010.  The Court finds that Vent Right's dissolution does not reasonably explain nor excuse Kaseda's willful failure to comply with court orders, his discovery obligations, or otherwise participate in his defense of this case.  Indeed, although Kaseda was aware of the Order to Show Cause hearing on October 26, 2011, he failed to appear.  In short, such conduct demonstrates willfulness.

Accordingly, the absence of a reasonable excuse suggests willful conduct or bad faith. See Ware, 322 F.3d at 224 (finding willfulness and bad faith where "[n]o excuse has been proffered for the excessive procrastination of Plaintiff's counsel").  This factor warrants striking defendant Kaseda's Answer, Counterclaims, and Third-Party Complaint ordering that default be entered against him, and allowing plaintiff to proceed to judgment by default as to Kaseda.

    5.    Effectiveness of Alternative Sanctions

As the record reflects, this Court has provided Kaseda several opportunities to appear at court ordered conferences and defend against this suit.  The record is also replete with the failures of Kaseda to do so.  To continue to allow Kaseda further opportunities to appear at court conferences and present a defense would make this case impossible for the Court to move forward and for plaintiff to prosecute its claims.  Defendant's refusal to follow Court Orders has been evidenced since his attorney's withdrawal from the case.

The Court has the power to strike a pleading and/or render a judgment by default as a

sanction against a party who fails to obey an order regarding discovery.  See Fed.R.Civ.P. 37(b)(2).  Kaseda has made it clear that he will not defend against plaintiff's claims.  Despite court orders, the non-compliance continued.  The case cannot move forward.  Plaintiff is prejudiced. The only appropriate sanction here is to strike defendant Kaseda's Answer, Counterclaims, and Third-Party Complaint order that default be entered against him, and allow plaintiff to proceed to judgment by default as to Kaseda.

      6.    Meritoriousness of the Defense

The Court has reviewed defendant Kaseda's Answer to the Complaint.  However, given the bare-boned nature of the pleading, the Court cannot adequately evaluate the merits, if any, of his defense.  Accordingly, as it is not necessary for the Court to reach this factor to recommend striking his Answer, Counterclaims and Third-Party Complaint and allowing plaintiff to proceed to judgment by default as to Mario J. Kaseda, and enter default against him, this Court declines to consider this factor in weighing the recommended sanctions.

## CONCLUSION

This Court's recommendation of striking the Answer, Counterclaims, and Third-Party Complaint of defendants Vent Right and Mario J. Kaseda, ordering that default be entered against them, and allowing plaintiff to proceed to default judgment as to these defendants, is not made lightly.  However, this Court is convinced that it is left with no alternative.  This Court offered defendants multiple opportunities to appear at court ordered conferences, but to no avail.  This Court also repeatedly warned them that continuation of this conduct would result in sanctions.  Furthermore, with regard to corporate defendant Vent Right, corporations cannot represent themselves pro se under settled Third Circuit law.  See Simbraw v. United States, 367

10

F.2d 373, 374 (3d Cir. 1996).  Under the circumstances, no less onerous sanction would be appropriate.

       For the reasons set forth above, I recommend that the District Court strike the Answer, Counterclaims, and Third Party Complaint of pro se defendant Mario J. Kaseda and corporate defendant Vent Right (Docket Entry No. 29), order that default be entered against them, and that plaintiff be allowed to proceed to judgment by default as to pro se defendant Mario J. Kaseda and corporate defendant Vent Right.  The parties have fourteen (14) days from receipt hereof to file and serve objections.

                       Respectfully submitted,

                       *s/Madeline Cox Arleo*
                       MADELINE COX ARLEO
                       United States Magistrate Judge

Dated: December 7, 2011

Orig.:  Clerk of the Court
cc:     Hon. William H. Walls, U.S.D.J.
       All Parties
       File